FILED
06 SEP -8 AM 8: 55
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STRAUSS, et al., <br><br> Plaintiff, <br> vs. <br><br> SHEFFIELD INSURANCE CORP., et al., <br><br> Defendant. | CASE NO. 05CV1310-H (CAB) <br><br> ORDER DENYING DEFENDANT LUMBERMENS' EX PARTE MOTION FOR RECONSIDERATION AND DENYING PLAINTIFFS' REQUEST FOR SANCTIONS |

On August 11, 2006, Defendant Lumbermens Mutual Casualty Company ("Lumbermens") filed an ex parte motion for reconsideration of the Court's order filed May 4, 2006 granting Plaintiffs' motion for summary judgment on the duty to defend the Delaware lawsuit against Lumbermens. (Doc. No. 98.) Defendants Sheffield Insurance Corporation and Axis Surplus Insurance Company filed an opposition on August 16, 2006. (Doc. No. 111.) Plaintiffs filed an opposition and request for Fed. R. Civ. P. 11(b) sanctions on August 22, 2006. (Doc. No. 130.) The motion and request for sanctions are submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1).

A motion for reconsideration "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School

Dist. No. 1J, Multnomah County v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Amendment by the court upon motion for reconsideration should be used sparingly and is only appropriate in exceptional circumstances. See Carroll v. Nakatani, 342 F.3d 934 (9th Cir. 2003). Whether to grant or deny a motion for reconsideration is in the sound discretion of the district courts. Navajo Nation v. Norris, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

After carefully reviewing the papers, the Court concludes that Lumbermens has not demonstrated adequate grounds for reconsideration of the Court's previous order. The construction, application, and interpretation of an insurance contract is a question of law for the Court. Homestead Ins. Co. v. American Empire Surplus Lines Ins. Co., 44 Cal.App.4th (1996). The expert declaration submitted by Plaintiffs does not change the Court's interpretation of the insurance contract and ignores the language of the February 12, 2003 letter regarding breaches of the Directors' fiduciary duties. Accordingly, the Court **DENIES** Lumbermens' motion. Additionally, the Court concludes that Lumbermens' motion was not initiated for an improper purpose and **DENIES** Plaintiffs' request for sanctions under Fed. R. Civ. P. 11(b).

IT IS SO ORDERED.

DATED: 9/7/06

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

1 | **COPIES TO:**
    Shannon Peterson
2 | Sheppard Mullin Richter & Hampton
    501 West Broadway, 19th Floor
3 | San Diego, CA 92101

4 | Bryan M. Weiss
    Murchison & Cumming
5 | 801 S. Grand Avenue, 9th Floor
    Los Angeles, CA 90017

6 |

    Mark Aronson
7 | Anderson, McPharlin & Conners, LLP
    444 South Flower Street, 31st Floor
8 | Los Angeles, CA 90071-2901

9 | Matthew Clarke & Toby Noblin
    Cappello & Noel, LLP
10 | 831 State Street
    Santa Barbara, CA 93101

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28